IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACQUELYN M. CARLSON, | Case No. 15 C 1154 |
| Plaintiff, | |
| v. | Honorable John Robert Blakey |
| CHRISTIAN BROTHERS SERVICES, | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jacquelyn Carlson has sued her former employer, Christian Brothers Services ("CBS"), alleging discrimination based upon a perceived disability, in violation of the Americans with Disabilities Act ("ADA"). CBS has moved to dismiss the complaint for failure to state a claim [8] pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Carlson's discrimination charge was untimely. The motion is granted.

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must construe the operative complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts and drawing all reasonable inferences in her favor. *E.g., Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013)(citing Fed. R. Civ. P. 12(b)(6); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)). But the Court "need not accept as true statements of law or unsupported conclusory factual allegations." *Id.* (citing *McCauley v. City of*

*Chicago*, 671 F.3d 611, 616 (7th Cir. 2011)). Thus, although Carlson alleges in her complaint that she filed a timely charge with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission, *see* complaint [1], ¶6, the Court need not accept that as true. And, in fact, the documents attached to the complaint belie the allegation.

"The ADA, like Title VII, 42 U.S.C. § 2000e-5(e)(1), whose procedures and jurisdictional prerequisites it incorporates, 42 U.S.C. § 12117(a)(2), requires an individual to file a charge of discrimination with the EEOC within 300 days of the alleged discriminatory conduct." *Hathaway v. R.R. Donnelley Mendota, Inc.*, No. 01 C 3270, 2002 WL 31875465, at *3 (N.D. Ill. Dec. 24, 2002)(citing *Bullard v. Sercon Corp.*, 846 F.2d 463, 467-68 (7th Cir. 1988); *Winters v. Iowa State Univ.*, 768 F.Supp. 231, 237 (N.D. III 1991)). In her charge (and in her complaint), Carlson alleges that the allegedly discriminatory action – her firing – took place on February 1, 2012. Complaint [1], ¶¶15-19; EEOC Charge [1-1] (identifying the "basis" of her charge as her "discharge, February 1, 2012, due to perceived disability (mobility impairment)"). She filed her charge February 27, 2013, well beyond the 300-day window. Although there is a possible exception to the 300-day rule for continuing violations, *e.g., Filipovic v. K&R Express Systems, Inc.*, 176 F.3d 390, 396 (7th Cir. 1999), Carlson does not allege a continuing violation; her discrimination charge was based on a single discrete act, her firing on February 1, 2012.

CONCLUSION

Because Carlson filed her EEOC charge more than 300 days after the alleged act of discrimination, her ADA claim is time-barred. Accordingly, CBS's motion to dismiss [8] is granted, and the complaint is dismissed. Carlson is given leave to file an amended complaint (or a motion to reconsider citing supplemental authority) within 14 days, to the extent she is able to do so consistent with Rule 11. If nothing is filed by March 19, 2015, the case will be terminated.

Dated: March 5, 2015

Entered:

John Robert Blakey
United States District Judge