# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JACQUELYN M. CARLSON, ) | |
| ) | Case No. 15 C 1154 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Honorable John Robert Blakey |
| CHRISTIAN BROTHERS SERVICES, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

In this employment discrimination case, the defendant employer has moved for summary judgment, arguing that the plaintiff's Americans with Disabilities Act claim is time-barred because she filed her Charge of Discrimination beyond the required 300-day window. For the reasons explained below, the Court agrees and grants the motion.

### Background & Procedural History

Plaintiff Jacquelyn Carlson has sued her former employer, Christian Brothers Services ("CBS"), alleging discrimination based upon a perceived disability, in violation of the Americans with Disabilities Act ("ADA"). Carlson was in a car accident in 2011 and, as a result, used a cane for some time. She alleges that CBS fired her for what it perceived to be decreased mobility on her part. Plaintiff filed her complaint February 5, 2015, alleging that her firing on February 1, 2012 constituted discrimination in violation of the ADA. Her initial complaint

attached a Charge of Discrimination filed with the EEOC on March 5, 2013 [1-1], 398 days after the firing. Because of this, CBS moved to dismiss the complaint for failure to state a claim [8] pursuant to Federal Rule of Civil Procedure 12(b)(6), and the Court granted the motion [12], [13].

Plaintiff moved for reconsideration, arguing that her untimely charge was saved by a Complainant Information Sheet ("CIS") she submitted to the Illinois Department of Human Rights on August 1, 2012 (which falls within the 300-day window). Although the Court declined at that time to consider whether the CIS actually satisfied the timing requirement, it determined that, in light of the issues raised, a Rule 12(b)(6) dismissal was no longer appropriate [20].

Plaintiff amended her complaint on May 13, 2015 [23], again alleging that CBS fired her on February 1, 2012 because of a perceived disability in violation of the ADA. The amended complaint alleges that plaintiff filed an "unperfected" charge on July 31, 2012 and later filed a "perfected" charge on March 5, 2013. Amended Complaint [23], ¶7. The "unperfected" charge is the CIS signed by Carlson's attorney on July 31, 2012 and received by the IDHR on August 1, 2012. The "perfected" charge is the Charge of Discrimination signed by Carlson on February 27, 2013 and filed with the EEOC on March 5, 2013. Both the "unperfected" charge and the "perfected" charge are attached to the amended complaint [23-1].

The "unperfected" charge is the CIS completed by Carlson's attorney on July 31, 2012 and submitted to the Illinois Department of Human Rights on August 1,

2012. Defendant's Rule 56.1 Statement of Facts ("DSOF") [26], ¶5; Exhibit A [26-1]; Plaintiff's Rule 56.1 Response and Statement of Additional Facts ("PSOF") [37], ¶5. Plaintiff did not sign the CIS; nor was the CIS notarized. DSOF, ¶¶7-8; PSOF, ¶¶6-8. The CIS form, on its face, explains the process and specifically states that the CIS is not a charge:

> [t]his form must be postmarked or received by the IDHR within 180 days of the date of the alleged discrimination. The IDHR must establish if it has the right under the law to investigate your employment claim. If the IDHR accepts your claim of employment discrimination, information will be typed on an official charge form. The charge form must be signed, notarized and returned to the IDHR in a timely manner. The form should be signed and dated below. Use additional sheets if necessary. THIS IS NOT A CHARGE. If IDHR accepts your claim, we will send you a charge form for signature.

DSOF, ¶10 and Exhibit A [26-1]. Plaintiff admits that the face of the CIS states "THIS IS NOT A CHARGE." PSOF, ¶10.

In the CIS, plaintiff indicated that she was fired for "taking time from work and for using my health insurance to pay for the severe car accident I was in in March 2011." DSOF, Exhibit A [26-1]; PSOF, Exhibit A [38-1].

On October 9, 2013, the IDHR issued a notice of dismissal for lack of jurisdiction; that notice includes both an IDHR charge number and an EEOC charge number. DSOF, ¶12 and Exhibit C [26-3]; PSOF, ¶12. The EEOC charge then followed on March 5, 2013, with the EEOC issuing a Right-to-Sue letter on November 4, 2014. PSOF, ¶10 and Exhibit E.

CBS has moved for summary judgment on the amended complaint, again raising the issue of timeliness.

## Discussion

Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Spurling v. C & M Fine Pack, Inc.*, 739 F.3d 1055, 1060 (7th Cir. 2014). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment has the burden of establishing that there is no genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In determining whether a genuine issue of material fact exists, this Court must construe all facts and reasonable inferences in the light most favorable to the nonmoving party, here, plaintiff. *See CTL ex rel. Trebatoski v. Ashland School District*, 743 F.3d 524, 528 (7th Cir. 2014).

CBS argues that it is entitled to summary judgment because plaintiff's claim is, as a matter of law, time-barred. A plaintiff seeking to sue under the ADA must first file an EEOC charge and receive a right-to-sue letter. *See* 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e–5(b), (e), and (f); *Lozano v. Kay Mfg. Co.*, No. 04 C 2784, 2004 WL 1574247, at *1 (N.D. Ill. July 12, 2004). An EEOC charge must be filed within 300 days of the allegedly unlawful employment practice, or the plaintiff's claim is barred. 42 U.S.C. § 2000e–5(e)(1); *Ford v. Chicago Mercantile Exch. Inc.*, No. 12 C 9917, 2015 WL 6501234, at *6 (N.D. Ill. Oct. 27, 2015). Here, plaintiff alleges a single unlawful employment practice: her firing on February 1, 2012.

4

Amended Complaint [23], ¶16; EEOC Charge [23-1] (identifying the "basis" of her charge as her "discharge, February 1, 2012, due to perceived disability (mobility impairment)"). She signed her charge on February 27, 2013, 392 days after the firing, and she filed it on March 5, 2013, 398 days after the firing. Although there is a possible exception to the 300-day rule for continuing violations, *e.g., Filipovic v. K&R Express Systems, Inc.*, 176 F.3d 390, 396 (7th Cir. 1999), Carlson's case does not involve a continuing violation – her discrimination charge was based on a single discrete act, her firing on February 1, 2012.

Carlson alleges that the CIS she submitted to the IDHR was a "charge" within the meaning of the EEOC's regulations. If she is right, her claim may proceed. If the CIS does not count as a charge, then she may not, because there is no dispute that the charge filed with the EEOC on March 5, 2013 is not timely. The question of whether the CIS is a "charge" for purposes of the ADA's statute of limitations is a question of law, appropriately resolved on summary judgment based upon the factual record before the Court.

In *Federal Express Corp. v. Holowecki*, 552 U.S. 389 (2008), the Supreme Court considered the question of what constitutes a charge within the meaning of the ADEA and held that "if a filing is to be deemed a charge" it must, in addition to including the information required by the regulations, "be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee." 552 U.S. at 402. Applying this test, the Court weighed the factors on both sides of the equation:

5

on the one hand, the form was not labeled as a charge; on the other hand, the form contained all of the information outlined in the regulations, including the employee's name, address and telephone number, the employer's name, address and telephone number, an allegation of age discrimination and a statement disavowing any request for assistance from any other government agency. *Id.* at 404-405. Additionally, it was accompanied by a detailed, six-page affidavit, which included an express request to please "force Federal Express to end their age discrimination plan so we can finish out our careers absent the unfairness and hostile work environment created within their application of *Best Practices/High Velocity Culture Change.*" *Id.* at 405. This latter statement, the Court held was "properly construed as a request for the agency to act." *Id.*

Applying *Holowecki*, the court in *Palmer v. Southwest Airlines Co.*, No. 08 C 6158, 2009 WL 3462043 (N.D. Ill. Oct. 23, 2009), similarly determined that an intake questionnaire constituted a charge. There, the Title VII plaintiff completed an intake questionnaire, which included all of the information required under the EEOC's regulations, and also submitted a four-page statement, detailing the alleged discrimination. *Id.*, 2009 WL 3462043 at *1-2. The month after plaintiff in *Palmer* filed her intake questionnaire, the EEOC issued a Notice of Charge of Discrimination to plaintiff's employer. *Id.*, at *2. Plaintiff then – 388 days after her discharge – filed a verified charge of discrimination with the EEOC. *Id.* The defendant moved to dismiss, arguing that plaintiff's claim was barred because she filed her charge too late. *Id.* at *3. The court disagreed, finding that the intake

6

questionnaire, together with the 4-page affidavit, constituted a charge for statute of limitations purposes. *Id.*, at \*6-7. Of particular significance, the form language in the completed intake questionnaire expressly stated that if the form "constitutes the only timely written statement of allegations of employment discrimination, the Commission will, consistent with 29 CFR 1601.12(b) and 29 CFR 1626.8(b), consider it to be a sufficient charge of discrimination under the relevant statute(s)." *Id.*, at \*7. This language, the court determined, "constituted a request by the filer to activate the EEOC's remedial processes." *Id.* (citations omitted).

The same result ensued in *McClendon v. Illinois Department of Transportation*, No. 12 C 2021, 2015 WL 4638095, at \*9 (N.D. Ill. July 31, 2015), where the plaintiff, like the plaintiff in *Holowecki*, submitted an intake questionnaire along with a detailed affidavit that included an explicit request for action.

Here, the relevant regulation concerning the content required for a "charge" is 29 C.F.R. §1601.12. It provides that each charge should contain the following:

> (1) The full name, address and telephone number of the person making the charge except as provided in § 1601.7;
>
> (2) The full name and address of the person against whom the charge is made, if known (hereinafter referred to as the respondent);
>
> (3) A clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices: See § 1601.15(b);
>
> (4) If known, the approximate number of employees of the respondent employer or the approximate number of members of the respondent labor organization, as the case may be; and

7

> (5) A statement disclosing whether proceedings involving the alleged unlawful employment practice have been commenced before a State or local agency charged with the enforcement of fair employment practice laws and, if so, the date of such commencement and the name of the agency.

29 C.F.R. § 1601.12. The CIS submitted on Carlson's behalf on August 1, 2012 does not include all of the required information. In particular, it does not include items (4) or (5), and the "statement of facts" (such as it is) fails to convey the circumstances of the discrimination: "Fired. In March of 2011 I was in a severe car accident in which I broke both my femurs and my pelvis. I now walk with a limp. I used a cane at work." DSOF, Exhibit A; PSOF, Exhibit A.

Additionally, the CIS is not labeled as a charge – indeed, it expressly states that it is "NOT A CHARGE" and indicates that more is required before a charge is considered to be filed.

Likewise the CIS that Carlson submitted failed include a request for action, explicit or implicit (as the submitted documents did in *Holowecki* and *Palmer*). The CIS does not include the form language that was present in the intake questionnaire in *Palmer*, indicating that the document could be considered a charge if it were the only timely filed document and was, therefore, necessary to save plaintiff's claim. Nor did Carlson include any kind of statement in her CIS that can be interpreted as a request for action. This finding is bolstered by the fact that neither the IDHR nor the EEOC notified CBS of any "charge" as a result of the CIS. In that respect, this case differs from *Palmer*, where the EEOC sent a Notice of

Charge to the employer shortly after the intake questionnaire was filed (and long before any official charge was filed).

In opposition to CBS' motion for summary judgment, Carlson submitted an email from Raquel Guerra stating that the CIS was considered "an unperfected charge" and the March 2013 charge is the "perfected charge." PSOF, Exhibit B. Guerra's email references *Holowecki*. But *Holowecki* does not speak in terms of perfected and unperfected charges. The EEOC's regulations do allow for subsequent verification of charges that in some minor respect fall technically short of compliance. Instead, 29 C.F.R. § 1601.12(b) provides that a charge "may be amended to cure technical defects or omissions, including failure to verify the charge, or to clarify and amplify allegations made therein." In such circumstances, the verified charge relates back to the date the charge was first received. *Id*. But this is not a case here, especially where the initial submission simply lacked a signature. Indeed, the CIS not only lacked all of the formalities of a charge (signature, verification, details), it failed to include any hint that Carlson was requesting action on the part of the EEOC, and the form expressly stated that it was not a charge. Accordingly, the Court finds that the relation back provision of § 1601.12(b) does not apply.

Based upon these facts, the Court finds that the CIS submitted to the IDHR on August 1, 2012 is not a charge for statute of limitations purposes. That leaves only the charge filed with the EEOC on March 5, 2013 (398 days after plaintiff was fired). Under the circumstances, plaintiff's claim may not proceed. *E.g. Burmistrz*

*v. City of Chicago*, 186 F. Supp. 2d 863, 871 (N.D. Ill. 2002) ("Under Title VII and the ADA, an Illinois claimant must file a complaint before the EEOC within 300 days of the occurrence of the alleged discriminatory action"; "[f]ailure to file within the 300 days renders the charge untimely and the claimant is precluded from bringing the claim in court.")(citing 42 U.S.C. § 2000e–5(e) and § 12117(a); *Koelsch v. Beltone Electronics Corp.*, 46 F.3d 705, 707 (7th Cir. 1995)).

## CONCLUSION

As explained above, the record before the Court demonstrates that Carlson filed only one charge of discrimination with the EEOC and that she filed the charge 398 days after she was fired. Accordingly, CBS's motion for summary judgment [27] is granted. Judgment is entered in favor of CBS and against plaintiff.

Dated: November 25, 2015

Entered:

United States District Judge